# COURT OF APPEALS
## DECISION
## DATED AND FILED

## June 23, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2018AP1553**
**2018AP1554**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2017TR17764
2017TR17766

**IN COURT OF APPEALS**
**DISTRICT I**

---

COUNTY OF MILWAUKEE,

PLAINTIFF-RESPONDENT,

V.

CHRISTANN SPANNRAFT,

DEFENDANT-APPELLANT.

---

APPEALS from judgments and an order of the circuit court for Milwaukee County: KASHOUA KRISTY YANG, Judge. *Affirmed*.

¶1 WHITE, J.[1] Christann Spannraft, *pro se*, appeals her judgments of conviction for operating while intoxicated (OWI), first offense, and operating without required lamps lighted. Spannraft argues that the trial court made three

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statues are to the 2017-18 version unless otherwise noted.

errors: (1) excluding testimony on the procedure used to administer the preliminary breath test, (2) admitting the results of the field sobriety tests, and (3) its fact-finding surrounding the intoximeter testing. We affirm.

## BACKGROUND

¶2 In the early morning hours of July 2, 2017, Milwaukee County Sheriff's Deputy Nathan Spittlemeister stopped Spannraft's vehicle on the freeway because she was driving without her vehicle lights illuminated. After observing Spannraft and conducting field sobriety tests, Spittlemeister placed her under arrest for operating while intoxicated (OWI).

¶3 Spannraft was issued three citations: OWI, first-offense; operating with a prohibited alcohol concentration (PAC); and operation without required lamps lighted. At her initial appearance on August 10, 2017, Spannraft pleaded not guilty to all charges. After multiple delays for discovery issues and medical concerns, a court trial was held before the Honorable Kashoua Kristy Yang on July 19, 2018, and July 20, 2018.

¶4 At trial, the County called Deputy Spittlemeister to testify about the traffic stop. The County played the dash cam video of the traffic stop during Spittlemeister's testimony. He testified that he stopped Spannraft on I-43 southbound in Milwaukee County because he observed her driving in the dark and her vehicle's headlights and taillights were not illuminated. The deputy testified that Spannraft had red, glassy eyes, slurred speech, and a strong odor of alcohol. Spittlemeister asked Spannraft if she had any alcohol that evening and she replied that she had shared a bottle of wine with a friend earlier in the evening.

¶5      Spittlemeister testified that based on his observations, he asked Spannraft to perform three field sobriety tests (FSTs).  Before administering the tests, Spittlemeister asked Spannraft if she had any physical limitations and she stated she did not.  Spittlemeister testified he was unable to complete the first test, the horizontal gaze nystagmus (HGN) test, because Spannraft's eyes were not moving in unison for equal tracking, a prerequisite to accurately performing the test.  On the second test, the walk-and-turn, Spittlemeister testified that Spannraft exhibited four of the eight clues of impairment including failure to maintain balance during instruction and missing steps.  On the third test, the one-leg-stand test, Spittlemeister testified that Spannraft exhibited three of the four clues of impairment including swaying and putting her foot down before the end of the test.

¶6      The deputy testified that he determined that Spannraft was impaired and under the influence of alcohol.  He placed her under arrest for operating while intoxicated (OWI) because she was driving without her lights on, she showed signs of impairment based on her performance on the field sobriety tests, she had an odor of alcohol, her eyes were bloodshot, red, and glassy, and she had slurred speech.  Spittlemeister testified that he transported her to the Criminal Justice Facility intoximeter room.  The trial court found Spittlemeister's testimony credible.

¶7      The County then called Milwaukee County Sheriff Correctional Officer Scott Prodzinski, who testified that he supervised Spannraft in the intoximeter room while Spittlemeister completed the arrest paperwork.  Prodzinski prepared the intoximeter for breath testing and performed the required twenty-minute observation of Spannraft to make sure she did not vomit, regurgitate, or put anything in her mouth.  Prodzinski testified that Spannraft gave two samples:  the first at 4:20 a.m., showing her blood alcohol content to be 0.141, and the second at 4:25 a.m., with a result of 0.144.  Prodzinski made sure the machine performed

3

diagnostics before, in between, and after the testing to make sure the instrument performed properly.

¶8    Spannraft testified on her own behalf. She stated that she had taken medication in the evening in addition to the alcohol she drank. Spannraft testified that she had difficulties performing the breath tests at the roadside and in the intoximeter room. Although Spannraft testified that she used her inhaler between the first and second intoximeter tests, the trial court expressly found her testimony less credible than Prodzinski, who denied she would have been allowed to use an inhaler.

¶9    During the trial, Spannraft's counsel attempted to question Spittlemeister about the administration of a roadside preliminary breath test (PBT).[2] The trial court refused to allow Spannraft's counsel to pursue questioning that could introduce PBT information in violation of WIS. STAT. § 343.303.[3] However, the trial court understood counsel as attempting to prove Spannraft's medical condition during the traffic stop and allowed questioning related to Spannraft's health. Upon questioning, Spittlemeister testified that he independently recalled that Spannraft stated she did not have health issues that would prevent her from performing FSTs and that he had to stop the HGN test because her eyes did not have equal tracking.

¶10    At the close of trial, the court found that Spittlemeister's testimony was credible and that his observations and the FSTs provided probable cause to arrest Spannraft. The trial court found Prodzinski's testimony credible. It found

---

[2] The PBT results were not used as probable cause for the arrest and were not introduced by the County.

[3] "The result of the preliminary breath screening test shall not be admissible in any action or proceeding except to show probable cause for an arrest[.]" WIS. STAT. § 343.303.

4

that Prodzinski's account of what happened in the intoximeter testing room was more credible than Spannraft's account. It found that the intoximeter readings proved that Spannraft operated a vehicle with a prohibited alcohol concentration.

¶11    Accordingly, the trial court found Spannraft guilty of the charges in all three citations. The trial court dismissed the count for PAC upon the County's motion. For the OWI citation, the trial court imposed the minimum fine and six months' driver's license revocation. For the operating without required lamps citation, the court imposed the minimum fine and assessed three points on her driver's license. Spannraft appeals the judgments of conviction for both citations in this consolidated action.[4]

## ANALYSIS

¶12    On appeal, Spannraft argues that the trial court erroneously exercised its discretion by: (1) excluding her line of questioning regarding the procedure used to administer the PBT; (2) finding that the FSTs were credibly conducted; and (3) finding that the officer's testimony about the intoximeter testing was more credible than Spannraft's. We are unpersuaded that the trial court committed error and affirm the judgment of conviction.

---

[4] Additionally, Spannraft appeals an order from the trial court denying her post-trial motions to waive the transcript fee and for relief pending appeal. Her appeal briefing does not address the substance of this request. We will not develop arguments on behalf of the parties. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.

## I. The trial court did not err in excluding testimony about the administration of roadside preliminary breath testing.

¶13     Spannraft contends that the trial court erred in interpreting WIS. STAT. § 343.303 as a bar on questioning Spittlemeister about the administration of the PBT.  Spannraft asserts that only the "results" of a PBT test are not admissible, but the statute does not bar the admission of evidence and testimony about the administration of the PBT.

¶14     Whether testimony about the administration of the PBT is barred by WIS. STAT. § 343.303 is a question of statutory interpretation.  **County of Jefferson v. Renz**, 231 Wis. 2d 293, 301, 603 N.W.2d 541 (1999).  "Statutory interpretation is a question of law that we review de novo."  **Id.**  "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect."  **State ex rel. Kalal v. Circuit Court for Dane Cty.**, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110.  We consider the plain and ordinary meaning of the language of the statute.  **Id.**, ¶45.  At plain reading, § 343.303 states that the results of a PBT are not admissible except to show probable cause for an OWI arrest.  We have previously interpreted this statute narrowly as a bar on admission of PBT information in an OWI case.[5]  The statute is silent about evidence or testimony surrounding the administration of a PBT.  We do not see a

---

[5] Our previous holdings do not support an expansive reading on the restrictions under WIS. STAT. § 343.303.  The statutory bar on admissibility of PBT results only applies to "proceedings relating to arrests for the offenses contemplated under that statute."  **State v. Beaver**, 181 Wis. 2d 959, 970, 512 N.W.2d 254 (Ct. App. 1994). Evidence that a subject took a PBT "may be admissible to give context to ... statements or for some other purpose."  **State v. McPike**, 2009 WI App 166, ¶10, 322 Wis. 2d 561, 776 N.W.2d 617.  The statutory bar does not apply to considerations of refusal to submit to a PBT in the context of evaluating reasonable suspicion.  **State v. Repenshek**, 2004 WI App 229, ¶26, 277 Wis. 2d 780, 691 N.W.2d 369.

reason to conclude that this statutory bar governs the admissibility of evidence related to the administration of a PBT.

¶15    In the absence of specific statutory instruction on admissible evidence, the trial court relies on the rules of evidence under Wisconsin law.  The admissibility of evidence is a discretionary decision of the trial court.  **State v. Franklin**, 2004 WI 38, ¶6, 270 Wis. 2d 271, 677 N.W.2d 276.  We review the trial court's discretionary decisions under a deferential standard.  **State v. Echols**, 2013 WI App 58, ¶14, 348 Wis. 2d 81, 831 N.W.2d 768.  The question on appeal is whether the trial court properly exercised its discretion, not what decision this court may have made about admission of this evidence.  *See id*.  Generally, we will not reverse a trial court's exercise of discretion if it "examined the relevant facts, applied a proper standard of law, used a demonstrated rational process, and reached a conclusion that a reasonable judge could reach."  *Id.* (citations omitted).

¶16    The trial court was mindful of the bar on admission of PBT results; however, it did not bar Spannraft from pursuing her theory of the case.  Based on questioning by the trial court, it understood Spannraft's argument as trying to prove her medical condition and its effect on any of the roadside testing.  The trial court allowed counsel to question the deputy about his interactions with Spannraft during roadside testing.  Spittlemeister recalled only that Spannraft stated she had no limitations prior to sobriety testing.

¶17    The trial court's denial of Spannraft's request to admit testimony or evidence regarding the procedures and administration of the PBT was a discretionary decision.  *See* **Franklin**, 270 Wis. 2d 271, ¶6.  We conclude that the trial court properly considered the relevant law and reached a reasonable conclusion to allow questioning related to Spannraft's medical condition and its impact on

roadside testing. *See Echols*, 348 Wis. 2d 81, ¶14. The trial court reasonably limited questioning to avoid introducing the results of PBT testing. We find no error.

### II. The trial court did not err to determine that Deputy Spittlemeister was credible and to rely on his testimony to admit the FST results.

¶18 Spannraft argues that the trial court erred in admitting the FST results based on Spittlemeister's testimony because Spannraft contends the FSTs were not conducted according to proper standards. She argues that Spittlemeister's perceptions and observations were not credible because she did not exhibit the clues of impairment that Spittlemeister found. We note that the trial court found Spittlemeister's testimony credible at trial.

¶19 We interpret her argument to be an objection to the trial court's credibility determinations. "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." WIS. STAT. § 805.17(2). We will not overturn the trial court's findings of fact unless they are clearly erroneous. *Dickman v. Vollmer*, 2007 WI App 141, ¶14, 303 Wis. 2d 241, 736 N.W.2d 202. "A finding of fact is clearly erroneous when it is against the great weight and clear preponderance of the evidence." *Phelps v. Physicians Ins. Co. of Wis., Inc.*, 2009 WI 74, ¶39, 319 Wis. 2d 1, 768 N.W.2d 615 (internal citations omitted). We will not reassess witness credibility or reweigh the evidence admitted at trial. *Dickman*, 2007 WI App 141, ¶14. The trial court resolves conflicts in testimony and we will not disturb those findings unless they are inherently or patently incredible or in conflict with fully established or undisputed facts. *Global Steel Prods. Corp. v. Ecklund*, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269.

¶20    Spannraft asserts that the trial court made a clearly erroneous finding that Spittlemeister's testimony with regards to the FSTs was credible because she argues the deputy did not follow National Highway Traffic Safety Administration (NHTSA) standards.  Under Wisconsin law, FSTs are common sense observational tools used by law enforcement officers to assist in determining whether a subject has indications of impairment or intoxication.  *City of West Bend v. Wilkens*, 2005 WI App 36, ¶24, 278 Wis. 2d 643, 693 N.W.2d 324.   Although NHTSA recommendations inform the actions of law enforcement officers performing FSTs, the tests are not scientific tests or litmus tests that scientifically correlate to "various blood alcohol concentrations."  *Id*. ¶17.  Accordingly, the trial court was assessing Spittlemeister's credibility and judgment when he testified to the indications of impairment he observed during the traffic stop and FSTs.

¶21    Spannraft attempts to provide an alternate interpretation for the dash cam footage of the FSTs; however, the trial court found Spittlemeister's testimony credible.    Because FST observations are subjective assessments by law enforcement, it was reasonable for the trial court to rely on Spittlemeister's testimony that he determined that Spannraft was under the influence of alcohol and she was impaired.  *See id.*, ¶20.  Spannraft's arguments about her eye condition and her discomfort standing barefoot interfering with the FSTs are, at best, alternate findings the trial court might have made, but did not.  In any case, her arguments do not provide proof that the trial court's findings were patently or inherently incredible.

¶22    Similarly, Spannraft contends that the County could not show probable cause for the arrest without the trial court's finding that Spittlemeister was credible.  At trial, Spannraft's counsel argued that if probable cause for the arrest was not established without using PBT evidence, then PBT evidence might be

necessary to establish probable cause. We interpret Spannraft's argument to be that without Spittlemeister's testimony, the County would be forced to rely on the PBT to establish probable cause. She asserts that by preventing her from questioning Spittlemeister in depth about the PBT administration and procedures, she cannot show that the PBT results provided insufficient probable cause. We decline to speculate on what might have happened if the trial court had made a different credibility finding with regards to Spittlemeister.

¶23    The trial court is the ultimate arbiter of witness credibility and we do not disturb its findings unless they are clearly erroneous. WIS. STAT. § 805.17(2). The evidence from the dash cam footage from Spittlemeister's squad car during roadside testing supports the trial court's findings. They are not clearly erroneous. *See State v. Kolk*, 2006 WI App 261, ¶10, 298 Wis. 2d 99, 726 N.W.2d 337; *cf. State v. Santiago*, 206 Wis. 2d 3, 27, 556 N.W.2d 687 (1996).

### III.    *The trial court was not clearly erroneous in its credibility determinations with regard to the intoximeter testing room.*

¶24    Spannraft's final argument is that the trial court erred in its fact finding with regards to the intoximeter testing procedure and results. The trial court did not find Spannraft credible in her testimony that medication impacted the results of the testing. Spannraft testified that she took anti-anxiety medication and used her inhaler several hours before she was stopped and that she was allowed to use her inhaler between the first and second round of intoximeter testing. Prodzinski denied that Spannraft would have been allowed to use her inhaler during the twenty minute observation period or between the two breath tests.

¶25    The trial court found that Spannraft's testimony was contradicted by Prodzinski's testimony, and the court found Prodzinski more credible. When there

is conflicting testimony at trial, the trial court "is the ultimate arbiter of the credibility of the witnesses." ***Cogswell v. Robertshaw Controls Co.***, 87 Wis. 2d 243, 250, 274 N.W.2d 647 (1979). The trial court found there was no medical support that Spannraft was unable or incapable of blowing into the intoximeter. The trial court's findings are supported by the record and are not clearly erroneous. Accordingly, we do not disturb the trial court's finding that Prodzinski was credible and Spannraft's inhaler could not have impacted the intoximeter testing. We affirm the trial court's guilty verdict.[6]

¶26     For the foregoing reasons, we affirm the trial court.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)(4).

---

[6] Spannraft requested this court reduce her citation for driving without required lamps lighted to a non-moving violation for defective equipment. Spannraft failed to provide any legal or factual reason why we would make this change. We decline to review undeveloped arguments. ***State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). Accordingly, we affirm the trial court's guilty verdict for the missing lights citation.